PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

FOR THE __Northern__ DISTRICT OF TEXAS

__Amarillo__ DIVISION

*[stamp:]* U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS FILED JUN - 9 2021 CLERK, U.S. DISTRICT COURT By ___ Deputy

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

__Rodney Collins Smith__
PETITIONER
(Full name of Petitioner)

__T.D.C.J.__
__W.P. Clements Unit__
__Amarillo, Texas__
CURRENT PLACE OF CONFINEMENT

vs.

__# 02195008__
PRISONER ID NUMBER

__2-21CV-108-Z__
CASE NUMBER
(Supplied by the District Court Clerk)

__The State of Texas__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.    Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.    Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.    Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.    Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

☑    A judgment of conviction or sentence,        (Answer Questions 1-4, 5-12 & 20-25)
      probation or deferred-adjudication probation.
☐    A parole revocation proceeding.              (Answer Questions 1-4, 13-14 & 20-25)
☐    A disciplinary proceeding.                   (Answer Questions 1-4, 15-19 & 20-25)
☐    Other:_____               (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.    Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 292ND JUDICIAL COURT OF DALLAS COUNTY LIFE SENTENCE W/PAROLE

2.    Date of judgment of conviction: APRIL 10th, 2018

3.    Length of sentence: LIFE W/ PAROLE

4.    Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: MURDER (TRIAL COURT No. F18-00143-V)

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)  ☒ Not Guilty  ☐ Guilty  ☐ Nolo Contendere

6.  Kind of trial: (Check one)  ☒ Jury  ☐ Judge Only (sentence by Judge)

7.  Did you testify at trial?  ☐ Yes  ☒ No

8.  Did you appeal the judgment of conviction?  ☒ Yes  ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? 5th DISTRICT (DALLAS, TX.)  Cause Number (if known): 05-18-00491-CR

   What was the result of your direct appeal (affirmed, modified or reversed)? AFFIRMED

   What was the date of that decision? April 15, 2019

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: INSUFFICIENT EVIDENCE, HEARSAY, INVALID JURY INSTRUCTION, AND DIRECTED VERDICT

   Result: REFUSED

   Date of result: 8/21/2019  Cause Number (if known): PD-0454-19

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: N/A

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.  ☒ Yes  ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: COURT OF APPEALS (DALLAS, TX.)

    Nature of proceeding: PETITION FOR DISCRETIONARY REVIEW

    Cause number (if known): PD-0454-19

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _July 9, 2019_

Grounds raised: _Insufficient evidence, abuse of discretion, hearsay, directed verdict, and improper jury instruction_

Date of final decision: _August 21, 2019_

What was the decision? _Refused_

Name of court that issued the final decision: _Court of Criminal Appeals_

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _Court of Criminal Appeals_

Nature of proceeding: _11.07 (Habeas Corpus)_

Cause number (if known) _(No. W18-00143-V(A)) WR-91,767-01_

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
_Filed August 10, 2020 (received by court 9/16/2020)_

Grounds raised: _Ineffective assistance of counsel, directed verdict, structural error, insufficient evidence, and prosecutorial misconduct._

Date of final decision: _November 4, 2020_

What was the decision? _Denied without written order_

Name of court that issued the final decision: _Court of Criminal Appeals_
_*Filed Appeal with COA (No. 05-21-00066-CR) Dismissed (cause No. 42404)_
*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.     Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?     ☐ Yes   ☑ No

    (a)     If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _N/A_

    (b)     Give the date and length of the sentence to be served in the future: _N/A_

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the
sentence you must serve in the future?    ☐ Yes    ☐ No

**Parole Revocation:**

13.    Date and location of your parole revocation: _____N/A_____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging
your parole revocation?    ☐ Yes    ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**    N/A

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☐ Yes    ☐ No

16.    Are you eligible for release on mandatory supervision?    ☐ Yes    ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
_____

Disciplinary case number: _____

What was the nature of the disciplinary charge against you? _____

18.    Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time days?    ☐ Yes    ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were
forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
_____

Identify all other punishment imposed, including the length of any punishment, if applicable, and
any changes in custody status:
_____

_____

_____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☐ Yes    ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: _____

Date of Result: _____ N / A

Step 2  Result: _____

        Date of Result: _____

**All petitioners must answer the remaining questions:**

20.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

       CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.     **GROUND ONE:** INEFFECTIVE ASSISTANCE OF COUNSEL (DONALD J. GUIDRY AND NIGEL H. REDMOND)

       Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

       COUNSEL ALLOWED TESTIMONIES OF HEARSAY, USE OF INVALID RECORDS DURING TRIAL, ISSUED IMPROPER INSTRUCTION TO THE DEFENDANT, AND FAILED TO OBJECT TO THE IMPROPER CONDUCT OF THEIR COLLEAGUES.

B.     **GROUND TWO:** DIRECTED VERDICT (CAITLYN PAUER AND ANN DUFFY)

       Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

       D.A. GAVE IMPROPER INSTRUCTION TO THE JURY, INSTRUCTING THEM THAT IT WOULD BE ACCEPTABLE TO FIND THE DEFENDANT GUILTY "WITHOUT" PROVING SO, BEYOND A REASONABLE DOUBT.

C.    **GROUND THREE:** "HEARSAY" WAS USED TO PERSUADE A GUILTY VERDICT.

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

THROUGHOUT THE TRIAL, CHARACTER WIT-NESSES WERE PRESENTED IN PLACE OF EYEWITNESSES, DISCREDITING THE REPUTATION OF THE DEFENDANT, IN ORDER TO PERSUADE A GUILTY VERDICT FROM JURY; NOT FACTS.

D.    **GROUND FOUR:** INSUFFICIENT EVIDENCE WAS USED TO PERSUADE JURY'S GUILTY VERDICT.

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

INSUFFICIENT EVIDENCE USED INCLUDES EVIDENCE COLLECTED AT THE CRIME SCENE THAT WAS "NEVER TESTED" (DNA), CHARACTER WITNESSES' TESTIMONIES, ALTERED/MISUSE OF INTERVIEW VIDEO, AND COHEARSED TESTIMONY. (T. BRANCH)

21.    Relief sought in this petition: THE RELIEF SOUGHT, IS FOR THE GUILTY VERDICT OF THE MURDER TRIAL TO BE REVERSED (DUE TO AN IMPROPER AND UNFAIR TRIAL); GIVEN FULL EXONERATION, BEING RELEASED AND COMPENSATED FOR ANY TIME SERVED OTHER THAN THE MANDATORY 2 YEARS ALREADY SERVED FOR THE PROBATION VIOLATION DOCUMENTED AS CAUSE No. F-1452264, WHICH ALSO SHOULD HAVE BEEN INVESTIGATED.

22.  Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☑ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

N/A

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No   N/A

23.  Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes   ☑ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

N/A

24.  Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.   N/A

25.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:
(SBOT# 24057878)        (SBOT# 24058852)

(a)  At preliminary hearing: DON GUIDRY AND NIGEL REDMOND

(b)  At arraignment and plea: DON GUIDRY AND NIGEL REDMOND

(c)  At trial: DON GUIDRY AND NIGEL REDMOND

(d)  At sentencing: DON GUIDRY AND NIGEL REDMOND
(SBOT# 19672500)      8144 WALNUT HILL LN.
SUITE 1190
(e)  On appeal: JOHN TATUM — DALLAS, TX.

(f)  In any post-conviction proceeding: NONE

-8-

Appeal from Habeas Corpus was dismissed on February 5, 2021 (No. 05-21-00066-CR) (Trace No. 42404)

**Timeliness of Petition:**

26.   If your judgment of conviction, parole revocation or disciplinary proceeding became final over
      one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
      2244(d) does not bar your petition.[1]

N/A

_____

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d),
provides in part that:

   (1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
         custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

         (A)   the date on which the judgment became final by the conclusion of direct review or the
               expiration of the time for seeking such review;

         (B)   the date on which the impediment to filing an application created by State action in violation
               of the Constitution or laws of the United States is removed, if the applicant was prevented from
               filing by such State action;

         (C)   the date on which the constitutional right asserted was initially recognized by the Supreme
               Court, if the right has been newly recognized by the Supreme Court and made retroactively
               applicable to cases on collateral review; or

         (D)   the date on which the factual predicate of the claim or claims presented could have been
               discovered through the exercise of due diligence.

   (2)   The time during which a properly filed application for State post-conviction or other collateral review
         with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
         limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

NO ATTORNEY
Signature of Attorney (if any)

(SELF)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

JUNE 7, 2021 _____ (month, day, year).

Executed (signed) on JUNE 7, 2021 (date).

Rodney C. Smith
Signature of Petitioner (required)

Petitioner's current address: W.P. CLEMENTS UNIT
9601 Spur 591; Amarillo, TX. 79107-9606

E. Ground Five: STRUCTURAL ERROR

(JUDGE BRANDON BIRMINGHAM, D.A. & COUNSEL)

Supporting facts ( Do not argue or cite law. Just state the specific facts that support your claim)

THE COURT CONSTRUCTED THE JURY BY USING THEIR OWN SELECTION OF JURORS AND "NONE" OF THE DEFENDANT'S, GIVING THE PROSECUTION TOTAL CONTROL OF THE TRIAL IN ALL ASPECTS.

F. Ground Six: CONVICTION WAS SECURED BY PROSECUTORIAL MISCONDUCT (CAITLYN PAUER)

Supporting facts ( Do not argue or cite law. Just state the specific facts that support your claim.)

MISCONDUCT SUCH AS BRINGING FORTH CHARACTER WITNESSES TO STAND AS EYE WITNESSES, BOLSTERED AND COHEARSED TESTIMONIES, AND HEARSAY WERE ALLOWED. THESE ARE ALL ACTS OF MISCONDUCT THAT WERE IN SUPPORT OF THE DIRECTED VERDICT, RESULTING IN HARMFUL WRONG TOWARDS THE DEFENDANT AND TRIAL.

U.S. District Clerk
205 S.E. 5th Ave. Room 133
Amarillo, Texas 79101-1559



Re: Petition For Writ of Habeas
Corpus ( § 22.54)

To Whom It May Concern:

Enclosed, is the one copy and the
original of Applicant's (Rodney
Collins Smith) Petition for Writ
of Habeas Corpus.

Within this petition, you and the
Federal Court will view state-
ments supporting the fact that
the trial court and it's represent-
atives did indeed violate the
6th Amendment, along with various
other articles and amendments
of the law. Seeing that the
instructions were to submit only
brief facts in support of my
grounds, I did not specify all
amendments and articles violated
during the trial, leaving that
task up to the court to rule,
as seen fit.

Please serve a copy of this
petition to any parties specified
according to 28 U.S.C. § 22.54.

THANK YOU FOR YOUR ASSISTANCE IN
THIS MATTER.

SINCERELY,

Rodney C. Smith

PRO-SE (OFFENDER)

TDCJ # 02195008

JUNE 7, 2021

RECEIVED

JUN - 9 2021

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Rodney Collins Smith
TDC# 2195008
W. P. Clements Unit
9601 Spur 591
Amarillo, TX. 79107-9606

U.S. District Clerk
205 S. E. 5th Ave.
Amarillo, TX. 79101

* Legal Mail